Rosado *v.* Hernández et al.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 663.—Resuelto en mayo 22, 1911.

Costas—Honorarios de Abogados—Facultad Discrecional del Juez Sentenciador—Grado de Culpabilidad de la Parte Condenada por la Sentencia.—De acuerdo con el artículo 327 del Código de Enjuiciamiento Civil enmendado por ley de marzo 12 de 1908, el tribunal sentenciador tiene la facultad de conceder los honorarios de abogados y costas discrecionalmente, teniendo en cuenta el grado de culpabilidad de la parte condenada por la sentencia, y contra la apreciación que haga dicha corte de ese grado de culpabilidad, no irá este tribunal a menos que se demuestre que se cometió abuso en el ejercicio de dicha facultad discrecional.

Id.—Memorandum de Costas—Prueba de las Partidas.—Constando de los autos que se prestaron los servicios a que se refieren las partidas de un memorandum de costas, no puede impugnarse con éxito dicho memorandum por no haberse presentado prueba para justificarlo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan Quintero González de Quijano.*

Abogado de los apelados: *Sr. Angel A. Vázquez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

A virtud de orden de ejecución expedida por la Corte de Distrito de Mayagüez al márshal de la misma, para el cumplimiento de sentencia dictada á favor de Agustín Hernández Mena, en pleito seguido contra Julio Medina González en cobro de dinero, dicho márshal embargó, como de la propiedad de Medina, una parcela de doce cuerdas de terreno con casa vivienda, radicada en el barrio de "Sábalos" del municipio de Mayagüez, cuya venta en pública subasta se señaló para el día 24 de noviembre del año próximo pasado.

Antes de verificarse la subasta anunciada, presentó Arturo Rosado Fussá ante la referida corte, demanda de tercería de dominio contra Agustín Hernández Mena y Julio Medina González, para que por sentencia se declarara ser de su propiedad el terreno embargado, que había adquirido del Medina González mediante escritura pública de venta otorgada en 12 de enero de 1910, condenando además a Hernández Mena, a pagar al demandante doscientos cincuenta dollars en concepto de indemnización de daños y perjuicios, y las costas.

En la misma demanda solicitó Rosado Fussá se expidiera una orden de *injunction* preliminar contra Agustín Hernández Mena, Julio Medina González y Ramón Irizarry Ursulich, márshal de la Corte de Distrito de Mayagüez, para que se abstuvieran de proceder a la venta de la finca embargada, y la corte señaló día para discutir la solicitud, poniendo a la vez a las partes en entredicho mediante fianza por la suma de ochocientos dollars, que había de prestar y prestó el peticionario Rosado Fussá.

Al contestar Hernández Mena la demanda, estuvo conforme en que se declarara con lugar en cuanto a la acción de tercería, sin especial condenación de costas, y pidió fuera de-

sestimada en cuanto a la acción de daños y perjuicios, que alegaba haber sufrido el demandante.

Por lo que toca a la solicitud de *injunction,* se opuso a ella Hernández Mena, y pidió se revocara la orden de entredicho que había sido expedida.

La corte después de oídas las alegaciones de las partes concedió el *injunction* preliminar solicitado, quedando en entredicho las partes en la forma en que se había dispuesto.

Celebrado el juicio, fué dictada sentencia que, copiada a la letra, dice así:

"Esta causa fué llamada para juicio el día nueve de diciembre de 1910, compareciendo el demandante por su abogado Sr. Angel A. Vázquez y el demandado Agustín Hernández Mena en persona, sin que compareciera el otro demandado cuya rebeldía consta anotada en el récord. La corte, después de oir los alegatos, la prueba practicada y los argumentos de las partes comparecientes, reservó su decisión hasta el día de hoy en que declara que la ley y los hechos estan a favor del demandante, en cuanto a su demanda de tercería y solicitud de *injunction.* En cuanto a la indemnización que pide el demandante, la corte es de opinión que no se ha probado que el demandado Agustín Hernández haya trabado de *mala fe* el embargo a que se refiere la demanda, ni se ha demostrado claramente la cuantía de los perjuicios sufridos por el demandante, pero sí aparece de la prueba que el demandado Hernández, no levantó el embargo después de tener aviso expreso del traspaso de la propiedad y obligó al demandante a acudir a los tribunales, por lo que debe condenársele en costas a dicho demandado Agustín Hernández. En su consecuencia, la corte declara con lugar la demanda de tercería de bienes inmuebles, ordena que se levante y cancele el embargo practicado a instancia del demandado Agustín Hernández Mena sobre la finca referida en la demanda y la cual se describe en esta forma:

"'Fracción de terreno, radicada en el barrio de Sábalos de este municipio, a pastos, frutos menores y cañas dulces, con su casa habitación de madera, terrera, compuesta de doce cuerdas, o sean 4 hectáreas, 61 áreas, 64 centiáreas; lindando al norte con un camino vecinal y al saliente terrenos de Don Francisco Ramírez.'

"Y declara, que ninguno de los demandados tiene derecho real ni personal, título o interés alguno sobre la referida finca y que ésta pertenece al demandante Arturo Rosado Fussá. Se hace definitivo y

perpetuo el *injunction* preliminar librado en esta causa y se imponen al demandado Agustín Hernández Mena las costas causadas en este litigio.

"Regístrese esta sentencia en el libro correspondiente de esta corte y líbrese mandamiento al márshal para su cumplimiento.

"Mayagüez, P. R., diciembre 12 de 1910. (Firmado) Otto Schoenrich, Juez del Distrito."

Contra esa sentencia interpuso Agustín Hernández Mena recurso de apelación para ante esta Corte Suprema, en cuanto decreta el *injunction* definitivo y le condena en costas.

Así las cosas, el demandante Rosado Fussá presentó en la corte inferior memorandum de los desembolsos que debía reintegrarle Hernández Mena, consistentes en las siguientes partidas: Una, de $8.70, por honorarios del secretario; otra, de $3 pagados a Juan Arroyo y Mestre por emplazar a los demandados; la tercera, de $200 que había percibido por sus servicios profesionales en el caso el abogado Angel A. Vázquez; y la última, de 50 centavos pagados a Americo Puig y Rosario por servir a Hernández Mena una copia del memorandum de costas; total, $212.20.

Todas esas partidas, con excepción de la primera, fueron impugnadas por Hernández Mena; y habiendo convenido las partes en someter memorandum e impugnación a la consideración de la corte sin otro requisito, la corte, por orden de 9 de enero último aprobó dicho memorandum, con la sola modificación de fijar la partida de honorarios de abogado en la suma de $125 contra cuya orden también interpuso Hernández Mena recurso de apelación para ante esta Corte Suprema.

Como se ve, dos son los recursos sometidos a nuestra consideración; uno de ellos, contra la sentencia que dictó la Corte de Distrito de Mayagüez en 12 de diciembre del año próximo pasado, en cuanto decreta el *injunction* definitivo y condena en costas a Agustín Hernández Mena; y el otro, contra la orden aprobando el memorandum de costas en la forma expresada.

Por lo que toca al primer recurso, el artículo 327 del Código de Enjuiciamiento Civil, tal como ha quedado enmendado por ley aprobada en 12 de marzo de 1908, dispone que los honorarios y costas serán concedidos discrecionalmente por el juez que entienda en el pleito o procedimiento, teniendo en cuenta el grado de culpabilidad si lo hubiere, de la parte condenada por la sentencia.

La corte inferior estimó en vista del resultado de las pruebas, que Agustín Hernández Mena no levantó el embargo después de haber tenido aviso expreso del traspaso de la propiedad, obligando así al demandante a establecer el presente juicio de tercería; y nada hay en el escrito de exposición del caso que nos demuestre que la corte inferior incurrió en manifiesto error al hacer semejante apreciación. Siendo ello así, no puede afirmarse bajo concepto alguno que dicha corte abusara de la facultad discrecional que la ley le otorga para conceder honorarios y costas.

No habiéndose interpuesto recurso de apelación contra la sentencia en cuanto declara con lugar la demanda de tercería con la que se conformó Hernández Mena, reconociendo al contestarla el derecho que asiste a la parte demandante, carece de finalidad el recurso de apelación interpuesto contra la sentencia en cuanto decreta el *injunction* definitivo, pues éste tiene por objeto impedir la venta judicial de la finca embargada, y aunque se dejara sin efecto, la sentencia impediría que dicha venta se llevara a cabo para satisfacer un crédito de Julio Medina González con el producto de una finca que se declara ser de la propiedad de Arturo Rosado Fussá. Huelga, pues, discutir los motivos en que se funda el recurso para la revocación del *injunction* perpetuo decretado.

En cuanto a la orden recurrida aprobando el memorandum de costas con la modificación que hizo el juez inferior, las alegaciones que ha hecho por escrito ante esta Corta Suprema la representación de Agustín Hernández Mena, se encaminan a demostrar que en el presente caso no procedía condena especial de costas, y que no habiéndose suminis-

trado pruebas para demostrar que Rosado Fussá había pagado las partidas incluídas en el memorandum de costas, no ha podido Hernández Mena ser condenado a su reintegro.

Ya hemos dicho que la corte inferior no cometió abuso de discreción al condenar en costas a Agustín Hernández Mena, y como del record consta que Juan Arroyo Mestre prestó el el servicio de emplazamiento de los demandados, que el abogado Angel A. Vázquez llevó en el pleito la defensa de Juan Rosado Fussá y que la entrega del memorandum de costas se hizo a Agustín Hernández Mena, no hay duda de que las partidas del memorandum de costas, en la forma en que fué aprobado por el Juez, son realmente debidas a Rosado Fussá.

Por las razones expuestas, entendemos que procede la confirmación de la sentencia de la corte de Mayagüez de 12 de diciembre del año último, en la parte en que ha sido recurrida, y también la de la orden apelada de 9 de enero del corriente año.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.